# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **WILLIAM WIGHTMAN** | |
| | **CIVIL ACTION** |
| **VERSUS** | |
| | **NO. 16-595-BAJ-EWD** |
| **PROGRESSIVE COUNTY MUTUAL INSURANCE COMPANY, ET AL.** | |

**Consolidated with**

| | |
|---|---|
| **JENNIFER ZANAZZI** | |
| | **CIVIL ACTION** |
| **VERSUS** | |
| | **NO. 16-596-BAJ-EWD** |
| **PROGRESSIVE COUNTY MUTUAL INSURANCE COMPANY, ET AL.** | |

## NOTICE AND ORDER REGARDING UNOPPOSED MOTION FOR LEAVE TO FILE FIRST SUPPLEMENTAL AND AMENDING COMPLAINT FOR DAMAGES AND MOTION TO SUBSTITUTE PLEADINGS

Before the court is: (1) an Unopposed Motion for Leave to File First Supplemental and Amending Complaint for Damages (the "Motion for Leave");[1] and (2) a Motion to Substitute Pleading (the "Motion to Substitute")[2] both filed by plaintiffs, William Wightman and Jennifer Zanazzi ("Plaintiffs").[3]

Per the proposed amending complaint,[4] Plaintiffs seek to add "as additional defendants herein Liberty Personal Insurance Company and Liberty Mutual Insurance Company."[5] On August 10, 2017, Plaintiffs were ordered to file a Motion to Substitute their proposed amending

---

[1] R. Doc. 18.

[2] R. Doc. 20.

[3] On January 5, 2017, the two above-captioned cases were consolidated. *See*, *Wightman v. Progressive County Mutual Insurance Company, et al.*, United States District Court, Middle District of Louisiana, Civil Action No. 16-595 ("*Wightman*"), R. Doc. 10 & *Zanazzi v. Progressive County Mutual Insurance Company, et al.*, United States District Court, Middle District of Louisiana, Civil Action 16-596 ("*Zanazzi*"), R. Doc. 11.

[4] R. Doc. 18-1.

[5] *See*, R. Doc. 18-1, ¶ 1 & R. Doc. 20-2, § 1.

1

complaint with a proposed pleading that was comprehensive.[6] On August 16, 2017, Plaintiffs filed the instant Motion to Substitute, and attached thereto a comprehensive proposed First Supplemental and Amending Complaint for Damages.[7]

These consolidated cases were removed to this court on September 9, 2016 pursuant to 28 U.S.C. § 1332 based on complete diversity. The Notice of Removal in *Wightman* alleges that William Wightman is domiciled in Louisiana.[8] Similarly, the Notice of Removal in *Zanazzi* alleges that Jennifer Zanazzi is domiciled in Louisiana.[9] With respect to the individual defendant, Sheldon Denard Mayo, the Notices of Removal allege that Mr. Mayo is domiciled in Texas.[10] These are sufficient allegations of citizenship for the individuals named as parties. *See*, *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) ("For diversity purposes, citizenship means domicile, mere residence in the State is not sufficient.").

With respect to the incorporated entities, in diversity cases involving corporations, "allegations of citizenship must set forth the state of incorporation as well as the principal place of business of each corporation." *Getty Oil, Div. of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988). Per the Notices of Removal, Progressive County Mutual Insurance Company ("Progressive"), "is a foreign insurance company incorporated and having its principal place of business in the State of Ohio."[11] Per Plaintiffs' proposed substitute pleading, Liberty Personal Insurance Company ("Liberty Personal") is "a foreign insurer authorized to do and actually doing business in the State of Louisiana" and Liberty Mutual Insurance Company

---

[6] R. Doc. 19.
[7] R. Doc. 20 & 20-2.
[8] *Wightman*, R. Doc. 1, ¶ 1.
[9] *Zanazzi*, R. Doc. 1, ¶ 1.
[10] *Wightman*, R. Doc. 1, ¶ 3; *Zanazzi*, R. Doc. 1, ¶ 3.
[11] *Wightman*, R. Doc. 1, ¶ 2; *Zanazzi*, R. Doc. 1, ¶ 2.

("Liberty Mutual") is "a foreign insurer authorized to do and actually doing business in the State of Louisiana."[12] Assuming Liberty Personal and Liberty Mutual are corporations, these are not adequate allegations of these entities' citizenship because they fail to set forth Liberty Personal's and Liberty Mutual's (1) state(s) of incorporation; and (2) principal place(s) of business.

Finally, with respect to TJ & DJ Trucking, LLC ("TJ & DJ"), the Notices of Removal allege that TJ & DJ "is a Texas domestic limited liability company with its principal place of business in Dallas, Texas."[13] Plaintiffs' proposed substitute pleading provides only that TJ & DJ is "a foreign limited liability corporation, licensed to do and doing business in the State of Louisiana."[14] To properly allege the citizenship of a limited liability company, a party must identify each of the members of the limited liability company and the citizenship of each member in accordance with the requirements of § 1332(a) and (c). *See*, *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). The same requirement applies to any member of a limited liability company which is also a limited liability company. *See*, *Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd.*, Civil Action No. 06-88, 2007 WL 2848154, at *4-5 (M.D. La. Sept. 24, 2007) ("when partners or members are themselves entities or associations, the citizenship must be traced through however many layers of members or partners there may be, and failure to do [sic] can result in dismissal for want of jurisdiction.") (quotation and citation omitted). Accordingly, the citizenship of TJ & DJ has also not been properly alleged.

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Substitute Pleading[15] is DENIED without prejudice to Plaintiffs' right to file a Motion to Substitute Pleading which attaches a

---

[12] R. Doc. 20-2, ¶ 1.

[13] *Wightman*, R. Doc. 1, ¶ 4; *Zanazzi*, R. Doc. 1, ¶ 4.

[14] R. Doc. 20-2, ¶ 1.

[15] R. Doc. 20.

comprehensive proposed amending complaint that properly alleges the citizenship of each party. Specifically, the proposed amending complaint must allege: (1) the status of Liberty Personal and Liberty Mutual (*i.e.*, whether these entities are corporations or unincorporated associations); and (2) the citizenship of Liberty Personal, Liberty Mutual, and TJ & DJ pursuant to the requirements set forth herein. If an entity is a corporation, the proposed amending complaint must allege that entity's state of incorporation and principal place of business. If an entity is an unincorporated association such as a limited liability company, the proposed amending complaint must allege the members of the entity and each members' citizenship. Plaintiffs shall have seven (7) days from the date of this Notice and Order to file the Motion to Substitute. No further leave of court is necessary to file the Motion to Substitute.

Signed in Baton Rouge, Louisiana, on August 22, 2017.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**